**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

KEVIN SANCHEZ,

       Plaintiff,

v.                                                                                                                                                                No. CIV-06-1145 BB/CEG

EX-JUDGE HARRISON,
JUDGE HYNS [sic] ELEVENTH DIST.,
STATE OF NEW MEXICO,
NM PROBATION AND PAROLE OFFICER
ROBERT CARTER,
NM CORRECTIONS DEPT
CNMCF,
TOM HAVEL, ADMINISTRATOR, SJCDC, et al.,

       Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

In his complaint, filed on November 21, 2006, Plaintiff alleges that he was arrested in 2001. He was convicted, sentenced, and incarcerated. Later, while he was on probation, Plaintiff was arrested for probation violation and, according to an attachment to the complaint, was resentenced on October 23, 2003. He contends that his sentence had already expired and thus his reincarceration constituted false imprisonment and defamation. The complaint seeks damages.

Plaintiff's complaint is barred as untimely filed. The period of limitation for an action under 42 U.S.C. § 1983 is the forum state's personal injury statute, *see Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984), *aff'd sub nom. Wilson v. Garcia*, 471 U.S. 261, 280 (1985), and the limitation on personal injury actions in New Mexico is three years, *see* N.M. Stat. Ann. § 37-1-8 (Repl. Pamp. 1990). On the other hand, "federal law controls questions relating to accrual of federal causes of action." *Newcomb v. Ingle*, 827 F.2d 675, 678 (10th Cir. 1987); *and see Wallace v. Kato*, --- U.S. ---, ----, 127 S. Ct. 1091, 1096 n.3 (2007) (ruling that false arrest or imprisonment claim accrues when Plaintiff "becomes detained pursuant to legal process"). Under *Wallace*, Plaintiff's alleged injury occurred no later than October 23, 2003, when he was resentenced. *See Wallace*, --- U.S. at ----, 127 S. Ct. at 1096; *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (noting § 1983 claim accrues when plaintiff knows or has reason to know of injury). He filed his complaint more than three years later. The complaint is untimely and will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice; pending motions are DENIED as moot; and judgment will be entered.

                                              /s/ Bruce D. Black
                                              UNITED STATES DISTRICT JUDGE